UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:21-cv-09892

AMIT HEZI AND JOSEPH NINA,

    Plaintiffs,

v.

CELSIUS HOLDINGS, INC.,

    Defendant.

## ANSWER TO CLASS ACTION COMPLAINT

Defendant Celsius Holdings, Inc., by and through its undersigned counsel, and for its Answer to Plaintiffs' Complaint, states as follows:

## NATURE OF THE ACTION

1. Admitted as to the allegation that Defendant manufactures and sells Celsius Products. All remaining allegations in Paragraph 1 are denied.

2. Admitted that *Prescod v. Celsius Holdings, Inc.*, is pending in the Los Angeles Superior Court, Cane No. 19STCV09321. All remaining allegations in Paragraph 2 are denied.

3. Admitted as to the allegation that the Product comes in a variety of flavors. All remaining allegations contained in Paragraph 3 are denied.

4. Denied.

5. Denied.

6. Denied

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## PARTIES

13. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 13 and therefore denies same.

14. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 14 and therefore denies same.

15. Admitted as to the allegations of Celsius' headquarters and principal place of business. All remaining allegations in Paragraph 15 are denied.

## JURISDICTION AND VENUE

16. Denied.

17. Denied.

18. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 18 and therefore denies the same.

## FACTUAL ALLEGATIONS
### The Product Contains the Preservative Citric Acid

19. Denied.

20. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 20 and therefore denies same.

21. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 21 and therefore denies same.

22. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 22 and therefore denies same.

23. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 23 and therefore denies same.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 31 and therefore denies same.

32. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 32 and therefore denies same.

**Consumers Seek Preservative-Free Foods**

33. Denied.

34. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 34 and therefore denies same.

35. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 35 and therefore denies same.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## CLASS ALLEGATIONS

44. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 44 and therefore denies same.

45. Defendant is without knowledge to either admit or deny the allegations contained in Paragraph 45 and therefore denies same.

46. No answer is needed.

47. Admitted that *Prescod v. Celsius Holdings, Inc.*, is pending in the Los Angeles Superior Court, Cane No. 19STCV09321. All remaining allegations in Paragraph 47 are denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## FIRST CAUSE OF ACTION
## VIOLATION FO NEW YORK GBL § 349
### (Individually and on behalf of the Class)

55. Defendant restates its answers to each and every allegation contained in the foregoing paragraphs as if more fully set forth herein.

56. Admit.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## SECOND CAUSE OF ACTION
## VIOLATION FO NEW YORK GBL § 350
### (Individually and on behalf of the Class)

65. Defendant restates its answers to each and every allegation contained in the foregoing paragraphs as if more fully set forth herein.

66. Admit.

67. Admit.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## THIRD CAUSE OF ACTION
## COMMON LAW BREACH OF EXPRESS WARRANTY
## (Individually and on behalf of the Class)

76. Defendant restates its answers to each and every allegation contained in the foregoing paragraphs as if more fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## FOURTH CAUSE OF ACTION
## COMMON LAW UNJUST ENRICHMENT
## (Individually and on behalf of the Class)

83. Defendant restates its answers to each and every allegation contained in the foregoing paragraphs as if more fully set forth herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## PRAYER FOR RELIEF

To the extent that an answer is required to Plaintiffs' Prayer for Relief, Defendant denies all allegations contained in same.

**JURY TRIAL DEMANDED**

Defendant demands a trial by jury on all triable issues.

**AFFIRMATIVE DEFENSES**

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint. Celsius asserts the following separate and distinct affirmative defense. To the extent that any of the following defenses may more properly be characterized as elements of Plaintiff's causes of action, Celsius does not assume the burden of proof with respect to any such elements:

**FIRST SEPARATE AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

1. The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action because Plaintiff has failed to show that Celsius adds citric acid to its Products to preserve the products. Celsius adds citric acid to its Products as a flavoring agent, providing a tart or sour Product.

**SECOND SEPARATE AFFIRMATIVE DEFENSE**
**(Failure to State a Class Action – No Class Exists)**

2. The Complaint, and each purported cause of action therein, does not state facts sufficient to certify a class pursuant to Fed. R. Civ. P. 23 in that common questions of fact and law do not predominate and this action is not otherwise appropriate for treatment as a class action.

**THIRD SEPARATE AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

3. The Complaint, and each of its causes of action is barred by the applicable statute of limitations, including but not limited to, New York General Business Law Section 349, New

York General Business Law Section 350, Breach of Express Warranty and Unjust Enrichment to the extent Plaintiff seeks relief for conduct occurring outside the relevant limitations period.

### FOURTH SEPARATE AFFIRMATIVE DEFENSE
### (Improper Class Representative)

4. Plaintiffs are not proper or adequate class representatives.

### FIFTH SEPARATE AFFIRMATIVE DEFENSE
### (No Class-Wide Injury)

5. There has been no class-wide injury as alleged in the Complaint. The injuries for which Plaintiffs seeks recovery on behalf of the alleged class cannot be received without proof by each alleged class member as to the specific facts underlying the violations alleged by each alleged class member and the losses, if any, suffered as a direct and proximate result of each such alleged violation.

### SIXTH SEPARATE AFFIRMATIVE DEFENSE
### (Lack of Damages)

6. Plaintiffs and the entire purported class suffered no damages as a result of actions allegedly taken by Celsius and are therefore barred from recovery on any cause of action against Celsius.

### SEVENTH SEPARATE AFFIRMATIVE DEFENSE
### (Lack of Standing)

7. Plaintiffs' claims, and those of the entire purported class he seeks to represent, are barred because Plaintiffs do not and cannot allege, they have standing to assert such claims on behalf of the general public as required by Fed. R. Civ. P. Rule 23.

### EIGHTH SEPARATE AFFIRMATIVE DEFENSE
### (Express and Implied Waiver)

8. Celsius alleges that Plaintiffs and/or their agents have expressly or impliedly waived all claims from the allegations in the Complaint from each and every cause of action

contained therein because Plaintiffs purchased the Products after the commencement of the *Prescod v. Celsius Holdings, Inc.* lawsuit and had constructive knowledge of the allegations.

## NINTH SEPARATE AFFIRMATIVE DEFENSE
### (Estoppel)

9. Plaintiffs may not seek relief from this Court as their claims are subject to the doctrine of estoppel.

## TENTH SEPARATE AFFIRMATIVE DEFENSE
### (Laches)

10. Plaintiffs have unreasonably delayed the commencement of this action and prejudiced Celsius whereby the Complaint, and each cause of action therein, is barred by the doctrine of laches. *Prescod v. Celsius Holdings, Inc.*, pending in the Los Angeles Superior Court was filed on March 19, 2019. Plaintiffs and Plaintiffs' counsel waited almost three years to bring this suit, based on the same allegations, as the other matter.

## ELEVENTH SEPARATE AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

11. Through their actions and inactions, Plaintiffs have failed to mitigate their damages, if in fact any damages have been sustained, and any recovery under each cause of action is therefore barred or reduced. Plaintiffs proceeded to purchase the Products after the commencement of the *Prescod v. Celsius Holdings, Inc.* matter, in which Plaintiffs had constructive knowledge of the claims. Plaintiffs also failed to attempt to resolve the disputed matter before filing suit, incurring unnecessary damages.

## TWELFTH SEPARATE AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action Under N.Y. Gen. Bus. Law § 349)

12. The Complaint, and each proposed cause of action therein, fails to state a cause of action under N.Y. Gen. Bus. Law §349 upon which relief can be granted against Celsius because Plaintiffs cannot show that Celsius' acts were deceptive or unlawful.

**THIRTEENTH SEPARATE AFFIRMATIVE DEFENSE**
**(Barred from Recovery Under N.Y. Gen. Bus. Law § 349)**

13. Plaintiff is barred from any recovery under N.Y. Gen. Bus. Law § 349 because Defendant has not committed deceptive acts or practices in any of its advertising and Plaintiffs cannot show that Celsius' acts were deceptive or unlawful.

**FOURTEENTH SEPARATE AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action Under N.Y. Gen. Bus. Law § 350)**

14. The Complaint, and each purposed cause of action therein, fails to state a cause of action under N.Y. Gen. Bus. Law § 350 upon which relief can be granted against Celsius because Plaintiffs cannot show that Celsius' advertising of the "No Preservative" claim was false or misleading.

**FIFTEENTH SEPARATE AFFIRMATIVE DEFENSE**
**(Barred from Recovery Under N.Y. Gen. Bus. Law § 350)**

15. Plaintiff is barred from any recovery under N.Y. Gen. Bus. Law § 350 because Defendant has not made false or misleading representations in any of its advertising because Plaintiffs cannot show that Celsius adds citric acid to its products for its preservative effect.

**SIXTEENTH SEPARATE AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

16. Plaintiffs have unclean hands as a result of their own misconduct and unlawful acts and are therefore barred from asserting some or all of their claims for declaratory and injunctive relief against Celsius. Unclean hands comes from the rational that "[t]he equitable powers of this court can never be exerted in behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage. To aid a party in sch a case would make this court the abettor of iniquity." *Bein v. Heath*, 47 U.S. 228, 247 (1848).

### SEVENTEENTH SEPARATE AFFIRMATIVE DEFENSE
### (No Double Recovery)

17.     Plaintiffs cannot be awarded damages for the same accused acts of Celsius that are cast in multiple theories of recovery. Therefore, Plaintiffs' claims for damages must fail.

### EIGHTEENTH SEPARATE AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

18.     Plaintiffs seek a recovery that he is not entitled to recover, and the award of judgment sought by Plaintiffs would unjustly enrich Plaintiffs. Therefore, Plaintiffs' claims for damages must fail.

### NINETEENTH SEPARATE AFFIRMATIVE DEFENSE
### (Reservation of Additional Affirmative Defenses)

19.     Celsius reserves the right to include additional affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Complaint be dismissed in its entirety;

2.     That Plaintiffs take nothing by reason of their Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

3.     That Plaintiffs' prayer for relief be denied in its entirety;

4.     That Defendant be awarded reasonable attorneys' fees;

5.     That Defendant be awarded his reasonable costs; and

6.     That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated:  February 11, 2022            Respectfully submitted,

                                     /s/ Joel B. Rothman
                                     JOEL B. ROTHMAN
                                     NY Bar Number: 2459576
                                     Joel.rothman@sriplaw.com
                                     JOSEPH A. DUNNE

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

NY Bar Number. 4831277
joseph.dunne@sriplaw.com
ELIEZER LEKHT
NY Bar Number:  5762497
eliezer.lekht@sriplaw.com

**SRIPLAW, P.A.**
25 Maiden Lane
Suite 5C
New York, NY 10038
929.200.2474 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendant Celsius Holdings, Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on February 11, 2022, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

/s/Joel B. Rothman
Joel B. Rothman

## SERVICE LIST

Mr. Ryan J Clarkson
Clarkson Law Firm, P.C.
9255 Sunset Boulevard
Suite 804
Los Angeles, CA 90069
rclarkson@clarksonlawfirm.com
Attorney for Amit Hezi and Joseph Nina