# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIT HEZI, JOSEPH NINA, and DANIEL PRESCOD individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>CELSIUS HOLDINGS, INC,<br><br>      Defendant. | Case No. 1:21-cv-09892-VM |

**DECLARATION OF RYAN J. CLARKSON IN SUPPORT OF PLAINTIFFS'** *UNOPPOSED* **MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT**

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 5786967)
*rclarkson@clarksonlawfirm.com*
Timothy K. Giordano (SBN 4091260)
*tgiordano@clarksonlawfirm.com*
Bahar Sodaify (*pro hac vice*)
*bsodaify@clarksonlawfirm.com*
Zachary T. Chrzan *(pro hac vice)*
*zchrzan@clarksonlawfirm.com*
555 Madison Ave., 5th Fl
New York, NY 10022
Telephone: (213) 788-4050
Facsimile: (213) 788-4070

*Attorneys for Plaintiffs and the Settlement Class*

I, Ryan J. Clarkson, declare as follows:

1. I am the managing attorney at Clarkson Law Firm, P.C. ("CLF") and counsel of record for named Plaintiffs Amit Hezi, Joseph Nina, and Daniel Prescod ("Plaintiffs"). I am licensed to practice in the Southern District of New York, and I am a member in good standing of the New York State Bar Association. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiffs' unopposed motion for preliminary approval of the class action settlement.

3. Attached hereto as **Exhibit A** is a true and correct copy of the Parties' Settlement Agreement, which was fully executed on November 21, 2022.

4. On March 19, 2019, Plaintiff Daniel Prescod ("Prescod") filed a class action complaint in the California Superior Court, County of Los Angeles, asserting five causes of action against Defendant: (1) violation of California's Unfair Competition Law (codified at Cal. Bus. & Prof. Code §§ 17200, *et seq.*, the "UCL"); (2) violation of California's False Advertising Law (codified at Cal. Bus. & Prof. Code §§ 17500, *et seq.*, the "FAL"); (3) violation of California's Consumers Legal Remedies Act (codified at Cal. Civ. Code §§ 1750, *et seq.*, the "CLRA"); (4) Breach of Express Warranty; and (5) Unjust Enrichment. *See Prescod v. Celsius Holdings, Inc.*, Case No. 19STCV09321 (L.A.S.C.) (referred to herein as "*Prescod*.")

5. Over the past four years, Prescod engaged in extensive fact and expert discovery and expended considerable time and resources prosecuting *Prescod*. For example, Prescod: (1) engaged in multiple rounds of written discovery; (2) pursued and reviewed thousands of business records, including all advertising, labeling, scientific support, and sales records; (3) issued third-party subpoenas regarding sales and manufacturing; (4) deposed Defendant's corporate

2

designees and experts; and (5) overcame numerous discovery disputes.

6. On August 2, 2021, the Honorable Kenneth Freeman certified *Prescod* as a class action. In support of his class certification motion, Prescod submitted reports from four experts in food science, conjoint surveys, marketing, and economics. The parties filed cross-motions to exclude the other's experts. Prescod overcame Defendant's motions, and Judge Freeman excluded Defendant's gastroenterologist. Attached hereto as **Exhibit B** is a true and correct copy of Judge Freeman's order certifying *Prescod* as a class action, denying Defendant's motions to exclude Prescod's experts, and granting Prescod's motion to exclude Defendant's gastroenterologist.

7. On September 9, 2021, Judge Freeman denied Defendant's motion for summary adjudication in *Prescod*. Attached hereto as **Exhibit C** is a true and correct copy of Judge Freeman's order denying Defendant's motion for summary adjudication.

8. On October 7, 2021, Judge Freeman denied Prescod's cross-motion for summary adjudication in *Prescod*. Attached hereto as **Exhibit D** is a true and correct copy of Judge Freeman's order denying Prescod's cross-motion for summary adjudication.

9. In October 2021, Defendant filed two interlocutory petitions for writ of mandate: one challenging Judge Freeman's certification order, and one challenging his denial of Defendant's motion for summary adjudication. Prescod opposed, and on May 25, 2022, the California Court of Appeal denied both petitions. Attached hereto as **Exhibit E** is a true and correct copy of the California Court of Appeal's order denying Defendant's interlocutory petition for writ of mandate challenging Judge Freeman's order certifying *Prescod*. Attached hereto as **Exhibit F** is a true and correct copy of the California Court of Appeal's order denying Defendant's interlocutory petition for writ of mandate challenging Judge Freeman's order

denying Defendant's motion for summary adjudication.

10. After Defendant's petitions were denied, Judge Freeman set *Prescod* for trial in May 2023.

11. On November 23, 2021, Amit Hezi and Joseph Nina filed the instant action. (ECF 1.) (Referred to herein as "*Hezi*") (*Prescod* and *Hezi* are the "Actions.")

12. The parties in *Hezi* have engaged in extensive fact discovery in preparation for class certification.

13. Plaintiffs advised Defendant of their intention, in *Hezi*, to add both products and causes of action to the claims asserted and to seek certification of a nationwide class to litigate those claims. The addition of those claims and products may have necessitated amendment to the *Hezi* complaint. When the Parties reached the instant Settlement, they agreed as part of the Settlement, and for settlement purposes only, that Plaintiffs would amend their Complaint in *Hezi* to assert the threatened claims with respect to all applicable products.

14. Since *Prescod* was filed, the Parties have informally discussed the prospect of settlement. Those discussions led to two separate mediations. On December 9, 2021, the Parties participated in a virtual, full-day mediation with the Honorable Lisa Hart Cole (Ret.) of Signature Resolution in Los Angeles, California. The Parties were unable to reach a settlement.

15. On September 16, 2022, the Parties participated in a second full-day mediation with the Honorable Peter Lichtman (Ret.) of Signature Resolution in Los Angeles, California. After the mediation, Judge Lichtman presented a double-blind mediator's proposal to the Parties. Nearly four years after *Prescod* was filed, and nearly a year after *Hezi* was filed, the Parties accepted Judge Lichtman's mediator's proposal, which formed the basis for the Settlement.

16. After substantial further negotiation on other non-monetary terms, on November

21, 2022, the Parties executed the Settlement Agreement.

17. On November 22, 2022, the Court granted the Parties' joint stipulation granting Plaintiffs leave to file a first amended complaint ("FAC") to add Prescod as a named Plaintiff and Class Representative, add additional Celsius products to the defined, at-issue "Products," add additional causes of action and allegations applicable to Plaintiffs' claims, including those of added Plaintiff Prescod and the class members he seeks to represent, and adjust the Class definitions to reflect the terms of the Settlement. The Court ordered that the FAC is the operative complaint. (ECF 30 and 31.)

18. The Parties agree that Postlethwaite & Netterville ("P&N") shall, subject to Court approval, serve as Class Administrator. P&N has a wealth of experience serving as a class action administrator and will implement a robust Notice Plan that satisfies due process. P&N estimates that implementation of the Notice Plan will cost between $305,000 and $845,000, inclusive of postage costs, and that the cost amount will be driven/determined by the claims rate.

19. The Parties also request that the Court conditionally certify the Settlement Class for purposes of effectuating the Settlement. The proposed Settlement Class satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy, and at least one of the requirements in Rule 23(b). The proposed Settlement Class is sufficiently numerous. In granting Prescod's motion for class certification, Judge Freeman found that a California class of purchasers of the Products was sufficiently numerous: "Defendant concedes numerosity. Further, [Prescod] has introduced evidence showing that the Defendant's retail sales of the products in California exceed between $17 and $20 million during the class period. Numerosity is easily satisfied." There are numerous questions of law and fact implicated that are common to Plaintiffs and the Settlement Class, capable of class wide resolution, and susceptible to common proof.

5

The named Plaintiffs' claims arise from the same set of facts and the same theory of liability as the claims of the Settlement Class Members. The interests of Plaintiffs and Class Counsel are not antagonistic to the Settlement Class. The named Plaintiffs and Settlement Class Members all purchased Celsius Products with the same "No Preservatives" representation on the label, have the same interest in recovering damages, and have no other cognizable, conflicting interests. Common questions predominate over questions affecting individual settlement class members. A class action is also superior to alternative methods for resolving this controversy.

20. My law firm should be appointed as Class Counsel. We are experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation, and are capable and committed to achieving the best result for Plaintiffs and the Class. Attached hereto as **Exhibit G** is a true and correct copy of my law firm's resume.

21. The Settlement is the result of extensive arms-length negotiations and hard-fought litigation over the last four years. Plaintiffs have requested, received, and analyzed all variations of the Products' labeling and advertising, relevant changes to the labeling and advertising, the ingredients contained in the Products, relevant consumer complaints, product sales information, all studies and scientific literature in support of Defendant's advertising claims, and all relevant market research Defendant conducted related to the Products. Plaintiffs also deposed multiple Celsius corporate designees and class certification experts. Discovery was adversarial in nature and conducted with an eye towards trying the Actions. In *Prescod*, the Parties fully briefed and received favorable orders on class certification and summary adjudication before the first mediation in 2021. In *Hezi*, the Parties conducted all discovery before the second mediation in 2022.

22. My law firm has invested thousands of hours and hundreds of thousands of dollars in costs into the investigation of the Settlement Class Members' claims and the prosecution of the Actions, including: (1) relentlessly pursuing and reviewing thousands of business records; (2) deposing Defendant's corporate designees and experts; (3) subpoenaing third parties for sales and manufacturing data; (4) retaining and working with experts in multiple disciplines, all of whom conducted in-depth studies and produced thorough expert reports on food science, marketing, and conjoint analysis/damages; (5) concurrently litigating *Hezi* and *Prescod*; (6) obtaining class certification in *Prescod*; (7) successfully defending against Defendant's motion for summary adjudication in *Prescod*; (8) overcoming Defendant's interlocutory petitions; (9) attending two full-day mediations; and (10) months of settlement negotiations.

23. As a result of my firm's tireless efforts in the Actions, we have helped secure a Settlement that is substantial in terms of monetary and injunctive relief. The Settlement ensures a prompt resolution of the Actions on terms that are fair, reasonable, and adequate to the Settlement Class. It provides certain results many years earlier than continued litigation through trial and/or appeals, as continued litigation could result in defeat for the Settlement Class on certification, at summary judgment, at trial, or on appeal.

24. *Prescod* and *Hezi* are complex class actions that have been, and would continue to be, very costly to litigate through trial. Trial in *Prescod* was set for May 2023, and both Parties would need to expend significant resources over the next six months preparing to present their respective cases to a jury, including conducting further fact and expert discovery, engaging/retaining new expert witnesses, subpoenaing third-parties, preparing witnesses, and extensively litigating pretrial motions. In *Hezi*, which is still in its infancy compared to *Prescod*,

there would be additional fact and expert discovery, depositions, class certification briefing, summary judgment briefing, any appeals, and trial preparation, all of which would be costly and time-consuming for the Parties and the Court. It would take several years to litigate both Actions through trial. *Prescod* was filed more than four years before its current trial date, and, given the Court's busy docket, *Hezi* would likely take just as long, if not longer, to get to trial.

25. We have advised Celsius that, should Prescod receive a successful trial verdict in *Prescod*, we intend to file related cases in other jurisdictions.

26. The Actions involved substantial risk and uncertainty. Liability depends on Plaintiffs' ability to establish elements requiring subjective determinations of fact. To establish liability at trial, Plaintiffs would need to convince a jury that citric acid is a preservative and acts as a preservative in the Products. Defendant had opposing evidence. And, to establish liability under New York and California consumer protection laws, Plaintiffs must convince a jury that a reasonable consumer would be misled by Defendant's alleged misrepresentation. Such a determination is inherently subjective and introduces a large degree of uncertainty and risk into the litigation.

27. Had the Parties not settled, Celsius made it clear that it would move to decertify the class in *Prescod*, vigorously oppose certification in *Hezi*, and, if a class was certified in *Hezi*, move for summary judgment. Continued litigation would only delay relief to the Settlement Class. The Settlement alleviates these risks, and provides a timely, certain, and substantial benefit to the Settlement Class.

28. In negotiating the Settlement, we carefully considered the injunctive relief and the compensation of Settlement Class Members. Specifically, we balanced the Settlement against the possible outcomes of a trial on the merits. The risks of trial and the normal "perils" of litigation,

as well as the specific defenses and issues discussed above, were all weighed in reaching the Settlement. We also carefully considered the time value of the present Settlement, the fact that changes will be made to the Products' Labeling, and the monetary relief that will be provided to members of the Class.

29. The risk of maintaining class status in both Actions, through trial, is significant. The Court has not yet certified *Hezi* to proceed as a class, and such a determination would be reached only after exhaustive briefing. Defendant likely would have argued that individual questions predominate over questions common to the class, that a class action is not a superior method to resolve Plaintiffs' claims, and that a class trial would not be manageable. This motion and Defendant's motion to decertify the class in *Prescod* would require extensive briefing, thereby increasing risk, expense, and delay. Accordingly, Plaintiffs have a thorough understanding of the strengths and weaknesses of this case sufficient to support the reasonableness of the Settlement. Thus, based on our firm's collective experience, we concluded that the Settlement provides exceptional results for the Class while sparing the Class from the uncertainties of continued and protracted litigation.

30. Pursuant to the Settlement, Class Counsel will apply for Service Awards to the Class Representatives of $20,000 in the aggregate as compensation for serving as Class Representatives and parties to the Action. Of this, $10,000 will be distributed to Prescod, and $5,000 each will be distributed to Hezi and Nina. Any approved Service Awards shall be paid from the Settlement Fund. Class Counsel will also apply for reimbursement of reasonable litigation costs and expenses not to exceed $300,000. Class Counsel will apply for a Fees and Costs Award not to exceed $2,900,000, to be paid from the Settlement Fund. Plaintiffs will submit a detailed attorneys' fees and costs application, and an application for class representative

service awards in connection with the motion for final approval of the settlement.

31. For the reasons stated in Plaintiffs' memorandum in support of their unopposed motion for preliminary approval of the class action settlement, this declaration, and any supporting documents, the Court should provisionally certify the Settlement Class and approve the Settlement as procedurally and substantively fair. Moreover, the Court should appoint Plaintiffs' counsel as Class Counsel, appoint Plaintiffs Amit Hezi, Joseph Nina, and Daniel Prescod as Class Representatives, appoint P&N as the Class Administrator, approve the Notice Plan, and approve the proposed schedule of events and schedule a Final Approval Hearing.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on November 22, 2022 at Los Angeles, California.

_____
Ryan J. Clarkson