USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/2022

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIT HEZI, JOSEPH NINA, and DANIEL PRESCOD individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>CELSIUS HOLDINGS, INC,<br><br>      Defendant. | Case No. 1:21-cv-09892-VM |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, Plaintiffs Amit Hezi, Joseph Nina, and Daniel Prescod ("Plaintiffs"), and Defendant Celsius Holdings Inc. ("Defendant" or "Celsius") (collectively, the "Parties") have reached a proposed settlement and compromise of the disputes between them in the above action as set forth in the Class Action Settlement Agreement (the "Settlement Agreement," and the settlement contemplated thereby, the "Settlement");

WHEREAS, the Parties have applied to the Court for preliminary approval of the Settlement;

AND NOW, the Court, having read and considered the Settlement Agreement and accompanying documents, as well as the Motion for Preliminary Approval of Class Action Settlement and supporting papers, and all capitalized terms used herein having the meaning defined in the Settlement, IT IS HEREBY ORDERED AS FOLLOWS:

    1.    <u>Settlement Terms</u>. The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement.

1

2.  <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

3.  <u>Preliminary Approval of Proposed Settlement Agreement</u>. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. The Court also finds the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and guided in part by the Parties' private mediations with two respected former judges of the Superior Court of Los Angeles County, most recently, the Honorable Judge Peter Lichtman (Ret.) of Signature Resolution, and (b) appears to meet all applicable requirements of law, including Fed. R. Civ. P. 23. Therefore, the Court grants preliminary approval of the Settlement.

4.  <u>Class Certification for Settlement Purposes Only</u>. For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, as described below:

> All persons in the United States who, between January 1, 2015 and the date of entry of this Order, purchased in the United States, for personal or household consumption and not for resale or distribution, one of the Class Products.

Excluded from the Settlement Class are: (1) the presiding judges in the Actions; (2) any member of those judges' immediate families; (3) Defendant; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (5) counsel for the Parties; and (6) any persons who timely opt-out of the Settlement Class.

5. The Court preliminarily finds for purposes of considering this Settlement, with respect to the non-injunctive portions of the Settlement Agreement (i.e., all of the Settlement Agreement except the provisions in section 5 thereof), that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court preliminarily finds for purposes of considering this Settlement, with respect to the injunctive portions of the Settlement Agreement specified in section 5 thereof, that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the Defendant allegedly has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole if the Settlement Agreement receives final approval.

7. <u>Class Representatives</u>. The Court orders that Amit Hezi, Joseph Nina, and Daniel Prescod are appointed as the Representative Plaintiffs.

8. <u>Class Counsel</u>. The Court also orders that Clarkson Law Firm, P.C. is appointed Class Counsel. The Court preliminarily finds that the Representative Plaintiffs and Class Counsel

fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Fed. R. Civ. P. 23.

9. Class Notice. The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and accordingly, the Court, pursuant to Fed. R. Civ. P. 23(c) and (e), preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement.  The Court approves, as to form and content, the notices and claim form substantially in the form attached to the Settlement Agreement.

10. The Court finds that the Parties' plan for providing notice to the Settlement Class (the "Notice Plan") described in the Settlement Agreement constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to the Settlement Class of the terms of the Settlement Agreement and the Final Approval Hearing and complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.  The Court directs that the Settlement Notice Date should occur no later than 21 calendar days from the date of this Order.

11. The Court further finds that the Notice Plan adequately informs members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement. Any member of the Class who desires to be excluded from the Settlement Class, and therefore not bound by the terms of the Settlement Agreement, must submit a timely and valid written Request for Exclusion pursuant to the instructions set forth in the Notice.

12. Settlement Claims Administrator. The Court appoints P&N as the Claims Administrator. P&N shall be required to perform all duties of the Claims Administrator as set forth

in the Settlement Agreement and this Order. The Claims Administrator shall post the Long Form Notice on the Settlement Website.

13. Objection and "Opt-Out" Deadline. Settlement Class Members who wish to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Opt-Out Deadline which is 81 calendar days from the date of this Order. If a Class Member submits both an Opt-Out Form and Objection, the Class Member will be deemed to have opted out of the Settlement, and thus to be ineligible to object. However, any objecting Class Member who has not timely submitted a completed Opt-Out Form will be bound by the terms of the Agreement upon the Court's final approval of the Settlement.

14. Exclusion from the Settlement Class. Class Members who wish to opt out of and be excluded from the Settlement must following the directions in the Class Notice and submit a Request for Exclusion to the Class Administrator, postmarked no later than the Opt-Out Deadline, which is 81 calendar days from the date of this Order. The Request for Exclusion must be personally completed and submitted by the Class Member or his or her attorney. One person may not opt someone else and so-called "class" opt-outs shall not be permitted or recognized. The Class Administrator shall periodically notify Class Counsel and Celsius' counsel of any Requests for Exclusion.

15. All Class Members who submit a timely, valid Request from Exclusion will be excluded from the Class and will not be bound by the terms of the Settlement Agreement, shall not be bound by the release of any claims pursuant to the Settlement Agreement or any judgment, and shall not be entitled to object to the Settlement Agreement or appear at the Final Approval Hearing. All Class Members who do not submit a timely, valid Request for Exclusion will be

5

bound by the Settlement Agreement and the Judgment, including the release of any claims pursuant to the Settlement Agreement.

16. <u>Objections to the Settlement</u>.  Any objection to the Settlement must be in writing, postmarked on or before the Objection Deadline, which is 81 calendar days from the date of this Order, and sent to the Claims Administrator at the addresses set forth in the Class Notice. Any objection regarding or related to the Settlement must contain (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) information sufficient to identify and contact the objecting Class Member or his or her attorney if represented, (iii) information sufficient to establish the person's standing as a Settlement Class Member, (iv) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection, (v) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a propose class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s), (vi) the objector's signature, and (vii) the signature of the objector's counsel, if any. Upon Court order, the Parties will have the right to obtain document discovery from and take depositions of any Objecting Class Member on topics relevant to the Objection.

17. Objecting Class Members may appear at the Final Approval Hearing and be heard. If an objecting Class Member chooses to appear at the Final Approval Hearing, a notice of intention to appear must be filed with the Court or postmarked no later than the Objection Deadline.

18. Any Settlement Class Member who does not make a valid written objection as set forth by the Settlement shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of or from seeking review by

any means, including an appeal, of the following: the Settlement, the Settlement Agreement, the payment of attorneys' fees and costs, service award, or the Final Approval Order and Judgment.

19. <u>Submission of Claims</u>. To receive a Cash Award, the Settlement Class Members must follow the directions in the Notice and file a claim with the Claims Administrator by the Claims Deadlines, which is 81 calendar days from the date of this Order. Settlement Class Members who do not submit a valid claim will not receive a Cash Award and will be bound by the Settlement.

20. <u>Schedule of Events</u>. The following events shall take place as indicated in the chart below:

| Event | Date |
| --- | --- |
| Deadline for Settlement Website to go live | 21 calendar days following entry of this Order |
| Deadline to commence Notice Plan ("Settlement Notice Date") | 21 calendar days following entry of this Order |
| Deadline for Claim Forms to be postmarked or submitted online | 60 calendar days after commencement of the Notice Plan |
| Deadline for Objections to be postmarked | 60 calendar days following commencement of the Notice Plan |
| Deadline for Opt-Out Requests to be postmarked | 60 calendar days following commencement of the Notice Plan |
| Deadline for Plaintiffs' application for attorneys' fees and costs and Plaintiffs' incentive awards | 30 calendar days following commencement of the Notice Plan |
| Deadline for Plaintiffs to file motion for final approval of class action settlement | 14 calendar days prior to Final Approval Hearing |
| Deadline for Parties to file all papers in response to any timely and valid Objections | 14 calendar days prior to Final Approval Hearing |
| Final Approval Hearing | 120 calendar days following entry of this Order |

21. On or before twenty-five (25) days prior to the Final Approval Hearing, the Class Administrator shall prepare and deliver a report stating the total number of Settlement Class Members who have submitted timely and valid Requests for Exclusion and Objections, along with the names of such Settlement Class Members, to Class Counsel, who shall file the report with the Court, and Defendant's counsel.

22. <u>Authority to Extend</u>. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members.  The Final Approval Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

23. If, for any reason, the Settlement Notice Date does not or cannot commence at the time specified above, the Parties will confer in good faith and recommend a corresponding extension of the Claims Deadline to the Court.

24. <u>Notice to appropriate federal and state officials</u>.  Defendant shall, within ten (10) calendar days of the entry of this Order, prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class Members reside, as specified in 28 U.S.C. § 1715.  Class Counsel shall cooperate in the drafting of such notices and shall provide Defendant with any and all information in their possession necessary for the preparation of these notices.

25. <u>Preliminary injunction</u>.  Plaintiffs, Settlement Class Members, and any other person, representative, or entity acting on behalf of any Settlement Class Members are, until the Final Approval Hearing, barred and enjoined from (a) filing, commencing, prosecuting, maintaining, or intervening in (as members of a class or otherwise) any claim, lawsuit, arbitration,

administrative, regulatory, or other proceeding arising out of the Released Claims against any of the Released Parties; and (b) organizing or soliciting the participation of any Settlement Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding arising out of the Released Claims against any of the Released Parties.  The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's review of the Settlement.

26.     <u>Final Approval Hearing</u>. The Court shall conduct a Final Approval Hearing to determine final approval of the Agreement on _____March 31, 2023_____ at __11:00__ [am/~~pm~~] [a date no earlier than 120 days after entry of Preliminary Approval Order]. At the Final Approval Hearing, the Court shall address whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order and Judgment should be entered; and whether Class Counsel's application for attorneys' fees, costs, expenses and service award should be approved.  Consideration of any application for an award of attorneys' fees, costs, expenses and service award shall be separate from consideration of whether or not the proposed Settlement should be approved, and from each other.  The Court will not decide the amount of any service award or Class Counsel's attorneys' fees until the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued without further notice to the Class.

27.     <u>In the Event of Non-Approval</u>. In the event that the proposed Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall

become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this civil action or in any other case or controversy; in such event the Settlement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement.

28. <u>Stay of Proceedings</u>. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in this Action and all Settlement Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement Agreement, unless the Settlement Class Member timely files a valid Request for Exclusion as defined in the Settlement Agreement.

29. <u>No Admission of Liability</u>. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendant. Furthermore, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or p1inciple of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and the Judgment.

30. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED.**

Dated: <u>November 23, 2</u>022

_____
Victor Marrero
U.S.D.J.

11