UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIT HEZI, JOSEPH NINA, and DANIEL PRESCOD individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELSIUS HOLDINGS, INC,<br><br>Defendant. | Case No. 1:21-cv-09892-JHR<br><br>Honorable Jennifer H. Rearden |

# [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS, AND INCENTIVE AWARDS, AND FINAL JUDGMENT

WHEREAS, Plaintiffs' Motion for Final Approval of Class Action Settlement came on for hearing before this Court on March 31, 2023 with Class Counsel Clarkson Law Firm, P.C. ("Class Counsel") appearing on behalf of Amit Hezi, Joseph Nina, and Daniel Prescod ("Class Representatives" or "Plaintiffs"), and Faegre Drinker Biddle & Reath LLP appearing on behalf of Celsius Holdings, Inc. ("Defendant" or "Celsius") (collectively, the "Parties").[1]

WHEREAS, on March 19, 2019, Class Representative Daniel Prescod filed *Prescod v. Celsius Holdings, Inc.*, LASC No. 19STCV09321 (Los Angeles Cty. Super. Ct.) ("*Prescod*").

WHEREAS, on November 23, 2021, Class Representatives Amit Hezi and Joseph Nina filed this action ("*Hezi*," and together with *Prescod*, the "Actions").

---

[1] Unless otherwise indicated, all capitalized terms in this Order shall have the meaning ascribed to them in the Settlement Agreement and in the Preliminary Approval Order.

WHEREAS, Plaintiffs allege in the Actions that Defendant deceptively and unlawfully labeled, packaged, and marketed the Products.

WHEREAS, Plaintiffs filed an amended complaint in this action on November 22, 2022 to facilitate their pursuit and resolution of claims on behalf of all Settlement Class Members in a single action before this Court (the "Main Action").

WHEREAS, the Parties have submitted the Settlement, which the Honorable Victor Marrero preliminarily approved on November ~~22~~ 23, 2022 (ECF 37) ("Preliminary Approval Order").

WHEREAS, the Preliminary Approval Order established an Objection, Opt-Out, and Claims Deadline of February 13, 2023.

WHEREAS, in accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to or exclude themselves from its provisions.

WHEREAS, having received and considered the Settlement, all papers filed in connection therewith, the Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. <u>Incorporation of Other Documents</u>. The Settlement Agreement, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of Judge Marrero's Preliminary Approval Order are also incorporated by reference in this Order.

2. <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in the Preliminary Approval Order pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3):

>All persons in the United States who, between January 1, 2015 and November 23, 2022, purchased in the United States, for personal or household consumption and not for resale or distribution, one of the Class Products.

Excluded from the Settlement Class are: (1) the presiding judges in the Actions; (2) any member of those judges' immediate families; (3) Defendant; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (5) counsel for the Parties; and (6) any persons who timely opt-out of the Settlement Class.

    3.    <u>Class Certification</u>. The Court finds and determines that the Settlement Class, as defined in the Settlement Agreement and above, meets all of the legal requirements for class certification for settlement purposes under Fed. R. Civ. P. 23(a), (b)(2) (with respect to the settlement's injunctive relief), and (b)(3), and it is hereby ordered that the Class is finally certified for settlement purposes.

    4.    Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds, with respect to all aspects of the Settlement Agreement except the provisions of Section 5 thereof, that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that:

    a.    The Settlement Class is so numerous that joinder of all members is impracticable;

    b.    There are questions of law or fact common to the Settlement Class;

    c.    The claims of the Class Representatives are typical of the claims of the Settlement Class;

   d. The Class Representatives have fairly and adequately protected the interests of the Settlement Class and are, therefore, appointed as Class Representatives;

   e. Clarkson Law Firm, P.C. has fairly and adequately protected the interests of the Settlement Class and are qualified to represent the Settlement Class and are, therefore, appointed as Class Counsel;

   f. The questions of law and fact common to the Settlement Class predominate over the questions affecting only individual members; and

   g. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. Pursuant to the Settlement Agreement, and for settlement purposes only, for purposes of the injunctive relief specified in Section 5 of the Settlement Agreement, the Court further finds the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(2) have been satisfied in that:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class;

   c. The claims of the Class Representatives are typical of the claims of the Settlement Class;

   d. The Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class;

   e. Defendant has acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief with respect to the Settlement Class as a whole.

6. <u>Adequate Representation</u>. The Court orders that Class Representatives Amit Hezi, Joseph Nina, and Daniel Prescod are appointed as the Class Representatives. The Court also orders that Clarkson Law Firm, P.C. is appointed Class Counsel. The Court finds that the Class Representatives and Class Counsel fairly and adequately represented and protected the interests of the absent Settlement Class Members in accordance with Fed. R. Civ. P. 23.

7. <u>Arms-Length Negotiations</u>. The Court finds that the proposed Settlement is fair, reasonable, and adequate based on the value of the Settlement, and the relative risks and benefits of further litigation. The Settlement was arrived at after sufficient investigation and discovery and was based on arms-length negotiations, including two mediations.

8. <u>Class Notice</u>. The Court finds that the approved Notice Plan has been satisfactorily and substantially implemented. Pursuant to the Preliminary Approval Order, Notices of Class Action Settlement (hereinafter referred to the "Notice") were published as follows:

   a. A Settlement Website (www.CelsiusClassActionSettlement.com), e-mail address (info@CelsiusClassActionSettlement.com) telephone number (1-833-749-1489), and mailing address (Celsius Class Administrator, P.O. Box 4325, Baton Rouge, LA 70821) were set up on or before December

14, 2022.[2]  The contact information was also provided on the Settlement Website and in any print-media notices.

b. Since its implementation, the Settlement Website has set forth, in large text, the deadlines for claims, objections, and requests for exclusion from the Settlement Class as well as the date of the Final Fairness Hearing. It also contains easily accessible links to the short form and long form notices, Preliminary Approval Order, Settlement Agreement, and Preliminary Approval Motion (including all related paperwork).

c. Notice included (1) an online media notice plan; (2) a streaming radio service notice plan; (3) search engine advertising; and (4) a press release through PR Newswire's US1 and National Hispanic Newsline.

d. All online advertisements directed potential Settlement Class Members to the Settlement Website, where they could download all important documents, review frequently asked questions, review the long form and short form notices, and file a claim.

e. A toll-free number with an Interactive Voice Response ("IVR") system has been available since initiation of the Notice and remains available to answer questions regarding the settlement.

f. Weekly reports regarding submission of claims, objections, and requests for exclusion were provided to counsel for all parties, including Class Counsel, throughout the notice campaign. Additional reporting will

---

[2] Pursuant to this Court's order preliminarily approving the Settlement, notice commenced on December 14, 2022.

6

>   continue after Final Approval to ensure proper oversight of the claims processes.

9. The Court finds that distribution of the Notice in the manner set forth in the Settlement Agreement constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all members of the Class. The Court finds that such notice complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable laws. The Notice informed the Settlement Class of: (1) the terms of the Settlement; (2) their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement; (3) their right to request exclusion from the Class and the Settlement; and (4) the location and date set for the final approval hearing. Adequate periods of time were provided by each of these procedures.

10. The Court finds and determines that the notice procedure carried out by Claims Administrator Postlethwaite & Netterville, APAC ("P&N") afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process.

11. Settlement Class Response. P&N received a~~A~~ total of 906,539 ~~Settlement Class Members submitted Approved~~ Claim~~s~~ submissions (of which 245,828 contained valid documentation), and there has been only one Objection to the Settlement ~~(defined below)~~ and twelve Requests for Exclusion.

>   a. After careful consideration, the Court hereby overrules Objector Sherri Taylor's Objection for the reasons stated on the record.

      b.      The Court also hereby orders that each of the following individuals who submitted valid Requests for Exclusion ~~as identified in ECF 50-1 at Exhibit A~~ are excluded from the Settlement Class: Blake Burnett, Alejandra Silva, Raffaela Hovick, Demi Mclaren, Anthony Speno, Elvis d'Agrella, Carson "Sydnei" Bailey, Daniel Corey Bell, Crystal Grose, Shane Meyer, Elizabeth Mendel, and Sylvane Levy. Those individuals will not be bound by the Settlement Agreement (except with respect to the injunctive relief specified in section 5 of the Settlement Agreement), and neither will they be entitled to any of its benefits.

12.    <u>Final Settlement Approval</u>. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"), and finds that the terms constituted, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Fed. R. Civ. P. 23 and direct consummation pursuant to its terms and conditions.

13.    The Court finds that the Settlement Agreement provides substantial and meaningful monetary benefits to the Settlement Class as follows: Celsius agreed to provide cash benefits under a two-tiered structure with a gross potential payout of $7,800,000 (seven million and eight hundred thousand dollars) in the aggregate.

14.    The Court finds that the Settlement also provides substantial and meaningful programmatic relief to the Settlement Class as follows: Celsius shall adopt new Labeling for the Products substantially similar to the new labeling agreed upon between Celsius and Plaintiffs ("New Labeling"). From that point forward, Defendant shall not produce Products with the prior Labeling challenged in the Actions. Among other things, the New Labeling does not contain a representation that the Product contains no preservatives, changes other marketing

statements respecting the Product, and adopts a "nutrition facts panel" as opposed to the current Products' use of a "dietary supplement" label. Defendant agrees to use the New Labeling for a period of at least three years from the adoption of the New Labeling ("Restricted Period"), except that in the event of a change of majority ownership of Defendant, this requirement will not be binding on a successor owner. During that period of no less than three years, commencing on the date that Celsius first ships products with the New Labeling, Defendant may adopt changes to the Labeling of the Products, but such changes (i) shall not include a representation that the Products contain "no preservatives" unless the formulation of the subject Product changes in a manner warranting such a representation; and (ii) shall not restore any other claim respecting the Products removed from the current labeling unless the formulation of the subject Product changes in a manner warranting such a claim. During the time period between the Label Changes Deadline and the Label Changes End Date, in addition to maintaining the revised Labeling, Defendant shall not advertise the Products inconsistently with (or containing representations removed from) the revised Labeling. Defendant is paying for costs of implementing the Programmatic Relief.

15. The Court finds that the Settlement is fair when compared to the strength of Plaintiffs' case, Defendant's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

16. The Court finds that the Parties conducted extensive investigation, research, and fact and expert discovery, and that their attorneys were able to reasonably evaluate their respective positions.

17. The Court finds that Class Counsel has extensive experience acting as counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight.

18.     The Court hereby grants final approval to and orders the payment of those amounts to be made to the Settlement Class Members in accordance with the terms of the Settlement Agreement. The Court finds and determines that the Settlement Payments to be paid to each Settlement Class Member as provided for by the Settlement are fair and reasonable.

19.     The Court further finds that the Settlement Class's reaction to the Settlement overwhelmingly weighs in favor of granting Final Approval of the Settlement.

20.     The Settlement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or Released Parties.

21.     Based upon claims received as of the date of this Order, the parties expect only uncashed checks to be available for *cy pres* distribution to the charitable organizations identified by the parties and approved by the Court. The Court hereby approves these awards. The parties may adjust these awards upwards or downwards as necessary to fully exhaust (but not exceed) the amounts available for distribution after payments of all other settlement expenses, without further Order of the Court.

22.     <u>Attorneys' Fees and Costs; Service Awards</u>. Class Counsel have litigated this matter with skill and diligence to confer both a monetary benefit, and an injunctive benefit in the form of cessation of the challenged practice, on the Class Members, and having expended resources and effort to secure a benefit to the Class, with no guarantee of payment due to the contingent nature of the representation, and having turned down other work, are entitled to reasonable attorneys' fees and costs and, accordingly, the Court approves Plaintiffs' Motion for

Award of Attorneys' Fees and Costs for $2,842,294.01, which represents $2,600,000 for attorneys' fees and $242,294.01 for costs.

23. Class Counsel have devoted 3494.6 hours with a lodestar of $2,648,727.00 to achieve the Settlement in this Action. Having reviewed Class Counsel's Motion for Award of Attorneys' Fees and Costs, the Court finds the requested amount of attorneys' fees ($2,600,000) to be fair, reasonable, and appropriate under applicable law and based upon the following factors: (1) the results obtained are a fair, adequate, and reasonable benefit to the Settlement Class; (2) the fee award represents one-third or 33% of the $7.8 million common fund, which is consistent with fee awards in other similar settlements approved in this District; (3) the fee award represents a 2% voluntary reduction in Class Counsel's lodestar; (4) no Settlement Class Member objected to the proposed fee award; (5) the considerable risk that Settlement Class Counsel would recover nothing; and (6) the financial burden taken on by Settlement Class Counsel in litigating the case on a contingent basis.

24. The Court also finds that Class Counsel have incurred $242,294.01 in litigation costs which were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and scope of this case. The Court finds that Class Counsel are entitled to be reimbursed for these costs.

25. In making this award of attorneys' fees and costs, the Court has further considered and found that:

    a. The Settlement Agreement created a Settlement Fund of $7,800,000.00 in cash for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement;

      b.      Celsius's adoption of the Programmatic Relief was a negotiated, material term of the Settlement Agreement;

      c.      Settlement Class Members who submitted acceptable proof of claim forms will benefit from the Settlement Agreement because of the efforts of the Class Counsel and the Class Representatives;

      d.      The fee sought by the Class Counsel is fair and reasonable;

      e.      Class Counsel have prosecuted the action with skill, perseverance, and diligence, as reflected by the Settlement Fund, and the positive reaction of the Settlement Agreement by the Settlement Class;

      f.      This Action involved complex factual and legal issues that were extensively researched and developed by the Class Counsel;

      g.      Class Counsel's rates are fair, reasonable, and consistent with rates accepted within this jurisdiction for complex consumer class action litigation;

      h.      Had the Settlement not been achieved, a significant risk existed that Plaintiffs and the Class Members may have recovered significantly less or nothing from Defendant;

      i.      Public policy considerations support the requested fees; and

      j.      The amount of attorneys' fees awarded and expenses reimbursed are appropriate to the specific circumstances of this action.

26.    Celsius and the Released Parties shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Class Representative or Settlement Class Member in connection with the Actions beyond those expressly provided in the Settlement Agreement.

27.     The attorneys' fees and costs set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

28.     The Class Representatives' dedication and efforts have conferred a significant benefit on millions of consumers across the United States and the general public and accordingly, the Court approves Class Representatives' motion for incentive awards totaling $20,000.

29.     This incentive award is justified by: (1) the risks Class Representatives faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this action by the Class Representatives; and (3) the benefits the Class Representatives helped obtain for the Class Members under the Settlement.

30.     The Court finds that the proposed service awards to the Class Representatives are fair, reasonable, and adequate, and orders the following to be paid out of the Settlement Fund: $5,000 each for both Amit Hezi and Joseph Nina, and $10,000 for Daniel Prescod. The service awards set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

31.     <u>Dismissal.</u> The Main Action is hereby DISMISSED WITH PREJUDICE, on the merits, by Plaintiffs and all members of the Settlement Class against Celsius on the terms and conditions set forth in the Settlement Agreement without costs to any party, except as expressly provided for in the Settlement Agreement.

32.     <u>Release.</u> Upon the Effective Date as defined in the Settlement Agreement, the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In

addition, any rights of the Class Representatives afforded under Section 1542 of the California Civil Code and any other similar, comparable, or equivalent laws, are terminated.

33.     <u>Injunction Against Released Claims</u>. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

34.     <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or admissible, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, or this Order.

35.     <u>Findings for Purposes of Settlement Only</u>. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

36. <u>Effect of Termination or Reversal</u>. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Classes will be deemed vacated. The certification of the Settlement Classes for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

37. <u>Settlement as Defense</u>. In the event that any provision of the Settlement or this Final Order of Dismissal is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement and are ordered in aid of this Court's jurisdiction and to protect its judgment.

38. <u>Retention of Jurisdiction</u>. Without affecting the finality of the Judgment and Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

39. <u>Notice of Completion of Duties</u>. After substantially all of the settlement payments have been distributed and administration of the Settlement is substantially complete, Class Counsel shall file a Notice of Completion of Duties, accompanied by declaration from the Settlement Administrator, which includes the following information:

    (1)    The total number of claims received;

    (2)    The total number of verified claims, including a breakdown as to the claims which were not verified for purposes of payout;

    (3)    Total amount of monies claimed;

    (4)    Total amount of administration costs incurred, including a breakdown of costs incurred for the court to review; and

    (5)    The amount of money being directed *cy pres*.

40. Upon the Court's receipt of and satisfaction with Class Counsel's Notice of Completion of Duties and accompanying declaration, the Court shall discharge Class Counsel's and the Settlement Administrator's duties and declare this matter closed, unless otherwise ordered by the Court.

41. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant make payments to participating Settlement Class Members in accordance with the Settlement.

42. The Parties and the Settlement Administrator will comply with all obligations under the Settlement Agreement until the Settlement is fully and finally administered.

43. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Court.

44. <u>Entry of Judgment</u>. This Order shall constitute a final judgment.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

**IT IS SO ORDERED.**

Dated: April 5, 2023
New York, New York

_____
The Honorable Jennifer H. Rearden
United States District Judge